# **EXHIBIT A**

| **SUMMONS - CIVIL**<br>JD-CV-1   Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.** | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>235 Church Street, New Haven 06510 | Telephone number of clerk<br>( 203 ) 503 – 6800 | Return Date *(Must be a Tuesday)*<br>12/28/2021 |
|---|---|---|
| [x] Judicial District      G.A.<br>[ ] Housing Session   [ ] Number: | At *(City/Town)*<br>New Haven | Case type code *(See list on page 2)*<br>Major: **T**    Minor: **40** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>MCMANUS LAW FIRM, LLC, 1337 Dixwell Avenue, Hamden, CT 06514 | Juris number *(if attorney or law firm)*<br>431579 |
|---|---|
| Telephone number<br>( 203 ) 776 – 1200 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [x] Yes   [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>ed@emcmanuslaw.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **HOFFMAN, KIT**<br>Address: 21 Broken Arrow Road, Hamden, CT 06518 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Walmart, Inc., 702 SW 8th Street, Bentonville, AR 72716<br>Address: AGENT: CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-01 |
| **Additional defendant** | Name: Wal-Mart Stores East, Limited Partnership, 708 SW 8th Street, Bentonville, AR 72716<br>Address: AGENT: CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>11/22/2021 | Signed *(Sign and select proper box)*<br>[signature] | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>Edward J. McManus, Esq. |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | **For Court Use Only**<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do **not** use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| RETURN DATE: JANUARY 4, 2021 | : | SUPERIOR COURT |
| KIT HOFFMAN | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| WALMART, INC. AND WAL-MART STORES EAST, LIMITED PARTNERSHIP | : | NOVEMBER 22, 2021 |

## COMPLAINT

### COUNT ONE: (AS TO WALMART, INC.)

1. At all times mentioned herein, the Defendant, Walmart, Inc. (hereinafter "Walmart"), was an Arkansas corporation licensed to do business in the State of Connecticut with its principal place of business located at 708 Southwest 8Th Street, Bentonville, Arkansas.

2. On and before, December 24, 2019, the Defendant Walmart owned, operated and controlled a retail store located at 315 Foxon Boulevard in New Haven, Connecticut.

3. On December 24, 2019, the Plaintiff, Kit Hoffman, was a business invitee on the premises of the Defendant Walmart store at 315 Foxon Boulevard, New Haven, Connecticut.

4. At all times relevant to this action, Walmart had a duty not to cause injury to any business invitees.

5. It was the duty of the Defendant, to exercise reasonable care and diligence to provide and maintain a reasonably safe environment in its common areas and facilities. It was the Defendant's duty to exercise reasonable care to prevent a dangerous condition on its premises.

6. On December 24, 2019, at approximately 12:50PM, the Plaintiff was attempting to pay for her selected items at a cash register, when a few females cut in front of her in line to pay for their items and said Walmart employee instructed the Plaintiff to allow this to happen.

ed@emcmanuslaw.com
www.emcmanuslaw.com
p 203.776.1200
f 203.684.1020
1337 Dixwell Avenue
Hamden, CT 06514

McMANUS
LAW FIRM, LLC

ADMITTED TO PRACTICE LAW IN STATE AND FEDERAL COURTS IN CONNECTICUT
JURIS NO. 431579

7. Said females were swearing at the Plaintiff and the Plaintiff was told by another Walmart employee to move to a different cash register.

8. The Plaintiff heeded this request, went to different cashier and after paying for her items, the same female shoppers began to shout at and threaten the Plaintiff and then violently attacked her in the store.

9. The aforementioned assault and battery and the resulting injuries and damages to the Plaintiff, Kit Hoffman, were caused by the negligence and carelessness of the Defendant, Walmart, its agents, servants and/or employees, in one or more of the following respects in that:

   (a) They failed to provide individuals lawfully on the premises with a safe and secure environment;

   (b) They failed to take reasonable measures to protect the Plaintiff although they knew or should have known that she was at risk of being assaulted by one or more of the shoppers;

   (c) They failed to exercise reasonable care in their supervision of the conduct of their patrons and shoppers;

   (d) They knew the other shoppers had threatened the Plaintiff and did nothing to help her exit the store safely;

   (e) They failed to provide reasonable warnings to the Plaintiff of the dangers posed by said other shoppers and patrons;

   (f) They failed to respond in an appropriate and timely manner once the assault began so as to prevent or lessen the injuries suffered by the Plaintiff;

   (g) They failed to provide adequate security to prevent and/or respond to such incidents; and

2

ADMITTED TO PRACTICE LAW IN STATE AND FEDERAL COURTS IN CONNECTICUT
JURIS NO. 431579

(h) They failed to adopt, promulgate and/or enforce rules, procedures, policies and/or regulations for the proper monitoring, inspection and/or patrolling of the premises;

(i) They failed to provide adequate security at the premises by not hiring or otherwise providing a properly trained security guards to monitor and patrol the premises;

(j) They failed to adopt, promulgate, and/or enforce rules, procedures, policies and/or regulations to recognize and deter criminal activity on the premises;

(k) In that they failed to warn other individuals lawfully on the premises, including the Plaintiff, that criminal activity occurred on their premises when they were aware of prior criminal activity occurring on the premises; and

(l) In that they knew or should have known that criminal activity was commonplace on the premises.

10. As a result of the negligence and carelessness of the Defendant, Walmart, its agents, servants and/or employees, the Plaintiff, Kitt Hoffman, sustained the following injuries:

   (a) Closed fracture of distal end of left radius;

   (b) Injury about the left anatomical snuffbox;

   (c) Sprain/strain about the left shoulder with related soft tissue damage; and

   (d) Head trauma with headaches.

3

11. As a further result of the negligence and carelessness of the Defendant, Walmart, Inc., its agents, servants and/or employees, the Plaintiff has been required to expend and will be required to expend considerable sums of money for emergency medical treatment, hospitalization, therapy, x-rays and other diagnostic tests, medical care, treatment, and medication all to her financial loss.

12. As a further result of the Defendant's negligence, Plaintiff's ability to carry on and enjoy her usual life activities has been diminished.

## SECOND COUNT: (WAL-MART STORES EAST, LIMITED PARTNERSHIP)

1. At all times mentioned herein, the Defendant, Wal-Mart Stores East, Limited Partnership (hereinafter "Wal-Mart Stores"), was s Delaware Corporation licensed to do business in the State of Connecticut with its principal place of business located at 708 Southwest 8Th Street, Bentonville, Arkansas.

2. On and before, December 24, 2019, the Defendant Wal-Mart Stores owned, operated, and controlled a retail store located at 315 Foxon Boulevard in New Haven, Connecticut.

3. On December 24, 2019, the Plaintiff, Kit Hoffman, was a business invitee on the premises of the Defendant Walmart store at 315 Foxon Boulevard, New Haven, Connecticut.

4. At all times relevant to this action, Wal-Mart Stores had a duty not to cause injury to any business invitees.

5. It was the duty of the Defendant, to exercise reasonable care and diligence to provide and maintain a reasonably safe environment in its common areas and facilities. It was the Defendant's duty to exercise reasonable care to prevent a dangerous condition on its premises.

6. At said store, on December 24, 2019, at approximately 12:50PM, the Plaintiff was attempting to pay for her selected items at a cash register, when a few females cut in front of her in line to pay for their items and said Walmart employee instructed the Plaintiff to allow this to happen.

4

7. Said females were swearing at the Plaintiff and the Plaintiff was told by another Walmart employee to move to a different cash register.

8. The Plaintiff heeded this request, went to different cashier and after paying for her items, the same female shoppers began to shout at and threaten the Plaintiff and then violently attacked her in the store.

9. The aforementioned assault and battery and the resulting injuries and damages to the Plaintiff, Kit Hoffman, were caused by the negligence and carelessness of the Defendant, Walmart, its agents, servants and/or employees, in one or more of the following respects; in that:

   (a) They failed to provide individuals lawfully on the premises with a safe and secure environment;

   (b) They failed to take reasonable measures to protect the Plaintiff although they knew or should have known that she was at risk of being assaulted by one or more of the shoppers;

   (c) They failed to exercise reasonable care in their supervision of the conduct of their patrons and shoppers;

   (d) They knew the other shoppers had threatened the Plaintiff and did nothing to help her exit the store safely;

   (e) They failed to provide reasonable warnings to the Plaintiff of the dangers posed by said other shoppers and patrons;

   (f) They failed to respond in an appropriate and timely manner once the assault began so as to prevent or lessen the injuries suffered by the Plaintiff;

   (g) They failed to provide adequate security to prevent and/or respond to such incidents; and

5

ADMITTED TO PRACTICE LAW IN STATE AND FEDERAL COURTS IN CONNECTICUT

JURIS NO. 431579

(h) They failed to adopt, promulgate and/or enforce rules, procedures, policies and/or regulations for the proper monitoring, inspection and/or patrolling of the premises;

(i) They failed to provide adequate security at the premises by not hiring or otherwise providing a properly trained security guards to monitor and patrol the premises;

(j) They failed to adopt, promulgate, and/or enforce rules, procedures, policies and/or regulations to recognize and deter criminal activity on the premises;

(k) In that they failed to warn other individuals lawfully on the premises, including the Plaintiff, that criminal activity occurred on their premises when they were aware of prior criminal activity occurring on the premises; and

(l) In that they knew or should have known that criminal activity was commonplace on the premises.

10. As a result of the negligence and carelessness of the Defendant, Wal-Mart Stores, its agents, servants and/or employees, the Plaintiff, Kitt Hoffman, sustained the following injuries:

(a) Closed fracture of distal end of her left radius;

(b) Injury about the left anatomical snuffbox;

(c) Sprain/strain about the left shoulder with related soft tissue damage; and

(d) Head trauma with headaches.

6

11. As a further result of the negligence and carelessness of the Defendant, Wal-Mart Stores, its agents, servants and/or employees, the Plaintiff has been required to expend and will be required to expend considerable sums of money for emergency medical treatment, hospitalization, therapy, x-rays and other diagnostic tests, medical care, treatment, and medication all to her financial loss.

12. As a further result of the Defendant's negligence, Plaintiff's ability to carry on and enjoy her usual life activities has been diminished.

THE PLAINTIFF,<br>
KIT HOFFMAN<br>
<br>
BY: _____<br>
Edward J. McManus<br>
MCMANUS LAW FIRM, LLC<br>
1337 Dixwell Avenue<br>
Hamden, CT 06514<br>
HER ATTORNEY

7

ed@emcmanuslaw.com   www.emcmanuslaw.com
p 203.776.1200   f 203.684.1020
1337 Dixwell Avenue, Hamden, CT 06514

MCMANUS LAW FIRM, LLC

ADMITTED TO PRACTICE LAW IN STATE AND FEDERAL COURTS IN CONNECTICUT
JURIS NO. 431579

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| RETURN DATE: JANUARY 4, 2021 | : | SUPERIOR COURT |
| KIT HOFFMAN | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| WALMART, INC. AND WAL-MART STORES EAST, LIMITED PARTNERSHIP | : | NOVEMBER 22, 2021 |

## CLAIM FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Money damages;

2. Costs; and

3. Such other and further relief as this Court deems just and proper.

THE PLAINTIFF,
KIT HOFFMAN

BY: _____
Edward J. McManus
MCMANUS LAW FIRM, LLC
1337 Dixwell Avenue
Hamden, CT 06514
HER ATTORNEY

8

## STATE OF CONNECTICUT

| | | |
|---|---|---|
| RETURN DATE: JANUARY 4, 2021 | : | SUPERIOR COURT |
| KIT HOFFMAN | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| WALMART, INC. AND WAL-MART STORES EAST, LIMITED PARTNERSHIP | : | NOVEMBER 22, 2021 |

### STATEMENT OF AMOUNT IN DEMAND

The amount of demand, exclusive of interest and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

THE PLAINTIFF,<br>
KIT HOFFMAN<br><br>
BY: _____<br>
Edward J. McManus<br>
MCMANUS LAW FIRM, LLC<br>
1337 Dixwell Avenue<br>
Hamden, CT 06514<br>
HER ATTORNEY

9

ADMITTED TO PRACTICE LAW IN STATE AND FEDERAL COURTS IN CONNECTICUT

JURIS NO. 431579