UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIT HOFFMAN, | ) | 3:21-CV-1729 (SVN) |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC., and | ) | |
| WAL-MART STORES EAST, LP, | ) | |
|    *Defendants*. | ) | October 19, 2023 |

## RULING ON MOTION FOR SUMMARY JUDGMENT

In this negligence action, Plaintiff Kit Hoffman alleges that Defendants Walmart Inc. and Wal-Mart Stores East, Limited Partnership ("Defendants") are liable for injuries she sustained when she was attacked by a third-party near the exit of a Walmart store in New Haven, Connecticut, in December of 2019. Defendants have moved for summary judgment, arguing that Plaintiff has failed to establish causation and breach.

For the following reasons, Defendants' motion for summary judgment is DENIED.

### I.     FACTUAL BACKGROUND

The following facts are undisputed. On December 24, 2019, Plaintiff entered the New Haven Walmart store located at 315 Foxon Boulevard, New Haven, Connecticut. Defs.' Local Rule ("L.R.") 56(a)1 Statement ("St."), ECF No. 45-2 ¶ 1.[1]

---

[1] Plaintiff's L.R. 56(a)2 Statement does not comply with Local Rule 56(a)2, which requires a "reproduction of each numbered paragraph in the moving party's Local Rule 56(a)1 Statement followed by a response to each paragraph admitting or denying the fact and/or objecting to the fact as permitted by Federal Rule of Civil Procedure 56(c)." Plaintiff has, however, admitted to all of the facts set forth in Defendants' L.R. 56(a)1 Statement. Therefore, the Court cites to Defendants' L.R. 56(a)1 Statement, rather than Plaintiff's L.R. 56(a)2 Statement.

The complaint alleges that Plaintiff was standing in line at a cash register when two other patrons cut in front of her. *Id.* ¶ 2. Plaintiff and the patrons then began arguing. *Id.* ¶ 9. The argument escalated to the use of explicit language. *Id.* ¶ 10. After roughly two minutes of argument, three Walmart customer service employees arrived. *Id.* ¶ 11. Shortly thereafter, two "Asset Protection Associates" and a New Haven Police Department officer stationed at the store arrived. *Id.* ¶¶ 13–14.

Eventually, Plaintiff took her cart to a separate register to purchase her items. *Id.* ¶ 20. Plaintiff then walked in the direction of the register where the argument took place, when one of the patrons with whom she had argued, Naiasia Conley, followed her. *Id.* ¶ 21. Before Plaintiff exited the store, Conley came up from behind Plaintiff and pulled Plaintiff to the floor. *Id.* ¶¶ 22–23. Conley testified that she attacked Plaintiff because Plaintiff had hit Conley's twelve-year-old sister with a shopping cart. *Id.* ¶ 24. Plaintiff was issued a citation for breach of peace, while Conley was charged with assault in the third degree and breach of peace in the second degree. *Id.* ¶¶ 27–28. Prior to this incident, Plaintiff did not tell anyone at the store that she felt unsafe, nor was she aware of any other physical assaults occurring at the store. *Id.* ¶¶ 24–25.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the

import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

## III. DISCUSSION

The Court holds that there are genuine issues of material fact as to Plaintiff's negligence claim, and summary judgment is therefore inappropriate.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *Mills v. The Solution, LLC*, 138 Conn. App. 40, 49 (2012). Defendants' motion for summary judgment focuses on two elements, causation and breach.[2] Because Plaintiff has demonstrated genuine issues of material fact for trial on both elements, the Court denies Defendants' motion for summary judgment.

### A. Causation

"Causation in a negligence action has two components," cause in fact and proximate cause, "both of which must be satisfied for the plaintiff to prevail." *Snell v. Norwalk Yellow Cab, Inc.*, 332 Conn. 720, 743 (2019). "Cause in fact . . . asks whether the defendant's conduct 'caused' the plaintiff's injury." *Stewart v. Federated Dept. Stores*, 234 Conn. 597, 605 (1995). In other words, cause in fact asks "if the plaintiff's injury would not have occurred 'but for' the defendant's conduct . . . . [I]f the plaintiff's injury would have occurred regardless of the defendant's conduct, then the defendant's conduct was not a cause in fact of the plaintiff's injury." *Id.* As the Connecticut Supreme Court has noted, "[p]hilosophically, cause in fact is limitless; 'but for' the creation of this world, no crime or injury would ever have happened." *Id.* Thus, a line—proximate

---

[2] Defendants appear to concede they owed Plaintiff a duty of care, as she was an invitee on their premises, though they contest the extent of that duty in a circumstance like this, involving a third-party's actions. *See* Defs.' Memorandum, ECF No. 45-1 at 7. They also do not move for summary judgment on the issue of whether Plaintiff suffered actual injury.

4

cause—is drawn "determining how far down the casual continuum individuals will be held liable for the consequences of their actions." *Id.* at 605–06.

Proximate cause establishes a "reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff." *Id. at* 606. "The test is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." *Mehri v. Becker*, 164 Conn. 516, 521 (1973); *accord Abrahams v. Young and Rubicam, Inc.*, 240 Conn. 300, 306 (1997). Because proximate cause is a question of foreseeability, generally, "a defendant is not responsible for anticipating the intentional misconduct of a third party unless the defendant knows or has reason to know of the third party's criminal propensity." *Doe v. Saint Francis Hospital & Medical Ctr.*, 309 Conn. 146, 172 (2013) (internal citations omitted). Under certain circumstances, however, the criminal misconduct of a third party "may be foreseeable under the facts of a particular case [even] without a showing that the defendant had such actual or constructive knowledge of the third party's criminal propensity." *Id.* Specifically, as relevant here, if a defendant's conduct:

> creates or increases the risk of a particular harm and is a substantial factor in causing that harm, . . . the fact that the harm is brought about by the actions of a third party does not relieve the defendant of liability, *even though the third party's conduct is criminal*, if the harm that occurred is within the scope of the risk created by the defendant's conduct.

*Id.* (emphasis in original).

The Court is mindful that "the issue of causation generally is a question reserved for the trier of fact . . . ." *Abrahams*, 240 Conn. at 307. "[T]he issue becomes one of law when the mind of a fair and reasonable person could reach only one conclusion," in which case summary judgment may be granted based on a failure to establish causation. *Id.*

5

Defendants make two arguments in support of their summary judgment motion. First, Defendants argue that Plaintiff has not submitted admissible evidence that a third-party assault was within the scope of risk created by Defendants' actions. Second, Defendants argue that even if Plaintiff's evidence was admissible, "it is insufficient to establish notice to the Defendants of the attack." ECF No. 50 at 3. The Court concludes that Plaintiff has pointed to evidence creating a genuine issue of material fact concerning whether that her injury was within the scope of harm created by the Defendants' conduct, and therefore denies Defendants' motion.

*1. New Haven Police Department Call Log*

The primary evidence Plaintiff advances against Defendants' motion is a log of New Haven Police Department calls to the store at issue, which was obtained pursuant to a Freedom of Information Act ("FOIA") request. *See* ECF No. 47-5 (containing emails from New Haven's Deputy Director of the Department of Public Safety Communications referencing FOIA and transmitting a "preliminary report documenting the volume of calls for the location in question over the time period referenced"). This log appears to state that the police department responded to thirty-five 911-calls for assault or "assault/fight" at the store over the three years preceding the assault on Plaintiff. Defendants contend the log was not provided to them in discovery and is otherwise inadmissible because it was not property authenticated.

As to the objection that the document was not produced during discovery, the relevant rules are Federal Rules of Civil Procedure 26 and 37. Under Rule 26(a)(1)(A), a party is required to provide the other parties to an action copies or descriptions of "all documents . . . that the disclosing party has in its possession, custody, or control that may use to support its claims." A party has a duty to supplement these disclosures as a case proceeds. *See* Fed. R. Civ. P. 26(e). If a party fails

6

to disclose required information, that party "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified." Fed. R. Civ. P. 37(c)(1). Here, the email transmitting the call log from the City of New Haven to Plaintiff's counsel is dated May 12, 2023—the day Plaintiff's opposition papers were filed. When questioned about the timing at oral argument, Plaintiff's counsel responded that Plaintiff sent the FOIA request to the City of New Haven after reviewing Defendants' summary judgment motion, and received the log on the day the opposition was filed. Therefore, it does not appear that Plaintiff had the log in her possession earlier than May 12, 2023, such that it should have been disclosed to Defendants earlier—though Plaintiff should have supplemented her Rule 26 disclosures upon receipt of it. The Court will thus not exclude the call log because it was not provided to Defendants during discovery.[3]

Second, Defendants argue that the call log is inadmissible because it was not properly authenticated. The documents submitted in opposition to a summary judgment motion must be properly authenticated in order to be considered by the court at summary judgment. *FloodBreak, LLC v. Art Metals Industries, LLC*, No. 3:18-CV-503 (SRU), 2020 WL 6060974, at *10 (D. Conn. Oct. 13, 2020) (citing *Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257 (D. Conn. 2004), *aff'd sub nom. Barlow v. Dep't of Pub. Health, Connecticut*, 148 F. App'x 31 (2d Cir. 2005)). If the documents are not properly authenticated when submitted in support or opposition to a summary judgment motion, it is "irrelevant" that they could be properly authenticated at trial. *Id.*

---

[3] As noted below, however, the Court will reopen discovery for a limited time so that Defendants may depose the representative of the City of New Haven who provided the log to Plaintiff, since Defendants did not have that opportunity during the discovery period.

7

Under Federal Rule of Evidence 901, to authenticate an item of evidence, the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "[A] document is properly authenticated if a reasonable juror could find in favor of authenticity." *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007). "The bar for authentication of evidence is not particularly high," *id.*, and "the proponent need not rule out all possibilities inconsistent with authenticity," *United States v. Oreckinto*, 234 F. Supp. 3d 360, 365 (D. Conn. 2017) (citation omitted).

Here, while Plaintiff certainly could have done more to authenticate the police call log, the Court finds it is admissible because a reasonable juror could find in favor of authenticity. Plaintiff's submission includes two emails from Jeffrey Patton, the Deputy Director of the Department of Public Safety Communications for the City of New Haven. One of these messages bears a subject line with the letters "FOIA" and discusses the provision of a "preliminary report" documenting the volume of police calls to the store over "the time period referenced." ECF No. 47-5 at 2. The log itself consist of fifty-seven pages, titled "COMMUNICATIONS," "CFS WALMART," "2016-12-31 to 2019-12-31." ECF No. 47-5 at 4–61. At the bottom of the log, there is a note that the report was generated on May 12, 2023, by "User ID: PATTJEFF," which matches the partial first and last name of the Deputy Director mentioned above. Although the call log and emails were not submitted as attachments to an affidavit from Mr. Patton—or even from Plaintiff's counsel documenting the request for and receipt of the log—the Court cannot find that the log fails the low threshold for authentication. Based on this evidence, a reasonable juror could find that the call log is what it purports to be. Further, because Defendants do not advance any serious challenge to the document's authenticity, but, rather, attack Plaintiff's ability to

authenticate it, the Court will treat the call log as authentic for purposes of this motion. *See Commercial Data Servs., Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003) (applying similar reasoning).[4]

*2. Notice*

The Court finds that the call log is sufficient to create a genuine issue of material fact as to whether the risk of an assault was foreseeable to Defendants.

Defendants argue that the call log is not sufficient to establish notice for "*the* attack." ECF No. 50 at 3. But Plaintiff need not demonstrate so much. On this point, *Stewart*, on which Defendants rely, is instructive. There, a business invitee of a department store was robbed and murdered in store's parking garage. 234 Conn. at 599. The decedent's estate sued the store for negligence and presented evidence of attacks and other violent crimes occurring within the parking lot in the months preceding the murder. *Id.* at 601. After the jury rendered a verdict for the plaintiff, the defendant appealed the trial court's jury instructions on causation and argued that the trial court should have directed a verdict in its favor. *Id.* at 602. The Connecticut Supreme Court disagreed, explaining that proximate cause may be demonstrated where a plaintiff submits evidence that "the general nature of the crime" is "within the scope of the risk created by the defendant's negligence." *Id.* at 611–12. In other words, the defendant need not foresee the *particular* harm, if the general nature of the crime that occurred is within the scope of the risk. Because the plaintiff had presented evidence of the other crimes that had occurred in the garage and surrounding area, a reasonable jury could have found that the store had been aware or should

---

[4] Defendants also argue Plaintiff cannot rely on the document because it is hearsay, but the Court is unpersuaded by this objection. To the extent that the log contains statements at all, Plaintiff has submitted the document not for the truth of the matters asserted—that assaults or other crimes occurred as reported— but, rather, as evidence that Defendants were on notice that police had been called to the store in the past for reports of assault and other crimes.

have been aware of the dangers posed in the parking garage, and a directed verdict was inappropriate. *Id.* at 613.

Here, Plaintiff has introduced evidence that the police were called to respond to thirty-five assault calls at the store within the three years preceding the assault on Plaintiff (and 2,700 calls in general). *See* ECF No. 47-5. While the plaintiff in *Stewart* also relied on additional evidence that Plaintiff in this case has not marshalled, on summary judgment, the question is whether Plaintiff has pointed to evidence from which a jury could reasonably find in her favor. The Court concludes that she has. A reasonable jury could consider that thirty-five assaults calls were made to the police from the store in the three years preceding the assault in question as evidence that an assault on Plaintiff, following on the heels of a heated argument with other patrons to which store associates and a police officer responded, was within the scope of risk foreseeable to Defendants. And while the prior assault calls may not have put Defendants on notice as to the particular nature of the assault on Plaintiff, *Stewart* instructs that a plaintiff need not demonstrate a defendant's knowledge of the risk of the precise crime that occurred, as long as the general nature of the crime—here, assault—was foreseeable. Whether this evidence will be sufficient for Plaintiff to prevail at trial remains to be seen. But, in short, reasonable minds could differ as to whether Defendants' actions were a proximate cause of Plaintiff's injury. Thus, the Court is compelled to leave the issue to the trier of fact.

### B. Breach

Next, Defendants argue that Plaintiff cannot demonstrate a genuine issue of material fact as to whether Defendants breached a duty to her, because she did not submit expert testimony to establish that Defendants had inadequate security. The Court disagrees.

10

In support of their contention that expert testimony is necessary to demonstrate breach of a duty, Defendants cite Connecticut law holding that expert testimony is necessary where "the determination of the standard of care requires knowledge that is beyond the experience of a normal fact finder . . . ." ECF No. 45-1 at 14 (quoting *Keeney v. Mystic Valley Hunt Club, Inc.*, 93 Conn. App. 368, 375 (2006)).  Defendants argue that the level and nature of security necessary at a Walmart store is beyond the scope of experience of an average jury.  But *Keeney* itself recognizes that expert testimony is typically required where a plaintiff's allegations "are akin to allegations of professional negligence or malpractice," as opposed to ordinary negligence.  *Keeney*, 93 Conn. at 375.  The negligence alleged here is ordinary, and well within the ken of an average juror.  Plaintiff's theory is that the police officer and store associates who initially encountered her and Conley left after the initial argument by the cash register, rendering her susceptible to the assault that occurred shortly thereafter.  A jury does not need expert testimony to help it understand this theory.  If Plaintiff were proceeding with a theory that the store had inadequate security, expert testimony could certainly be helpful.  *See Sullivan v. Metro-North Commuter R. Co.*, 292 Conn. 150 (2009).  But, as Plaintiff's counsel emphasized at oral argument, her theory is much simpler.

Even without expert testimony, Plaintiff has pointed to evidence sufficient to create a genuine issue of material fact as to whether Defendants breached their duty of care.  For instance, the jury can consider whether, in leaving Plaintiff and Conley after the initial altercation at the register, Defendants' associates left Plaintiff vulnerable to the assault in some manner.  The jury can also weigh the credibility of the various witnesses, including Plaintiff—something the Court is not permitted to do on summary judgment.  Thus, there are genuine disputes of material fact as to whether Defendants breached their duty to Plaintiff, and summary judgment is inappropriate.

## IV. REOPENING DISCOVERY

As noted above, because Plaintiff received the police call log through her FOIA request on the day her opposition to Defendants' summary judgment motion was due—after discovery had closed—Defendants have not had an opportunity to depose Jeffrey Patton, the City of New Haven representative who produced the call log. In the interest of fairness, the Court will reopen discovery until **December 1, 2023,** so that Defendants may pose written discovery requests to and/or depose Patton in preparation for trial. To be clear, Plaintiff may not propound additional discovery requests during this period, and Defendants may not conduct additional discovery beyond discovery directed to Patton or the City of New Haven concerning the police call log.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The Court will schedule a status conference with the parties to discuss the schedule for pretrial filings and trial. Discovery is reopened for the purposes set forth in this order until **December 1, 2023**.

**SO ORDERED** at Hartford, Connecticut this 19th day of October, 2023.

                                               */s/ Sarala V. Nagala*
                                               SARALA V. NAGALA
                                               UNITED STATES DISTRICT JUDGE